**PENNSYLVANIA STATE POLICE, Petitioner,**

v.

**Donna M. WARNER, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 23, 2003.

Decided July 2, 2003.

Daniel McGuire, Harrisburg, for petitioner.

Robert Long, Whitehall, for respondent.

BEFORE: McGINLEY, Judge, SIMPSON, Judge, and KELLEY, Senior Judge.

---

OPINION BY Senior Judge KELLEY.

The Pennsylvania State Police (PSP) petition for review of an order of an Administrative Law Judge (ALJ), Office of the Attorney General, ordering the PSP take remedial action with respect to Donna M. Warner's official criminal history record maintained by the PSP Central Repository. We reverse.

On or about August 29, 2001, Warner requested and obtained a copy of her criminal record[1] from the PSP Central Repository, which showed that she had pleaded guilty to two violations of the Pharmacy Act,[2] set forth as "PA8–13" and one violation of The Controlled Substance, Drug, Device and Cosmetic Act,[3] (The Controlled Substance Act) set forth as "CS13A12." Thereafter, Warner challenged the accuracy of the criminal report by completing the appropriate form and forwarding the same to the PSP.[4] Specifically, Warner stated on the challenge form that "Code CS13A12 which is for a felony conviction. All records I acquired through the courthouse are stating misdemeanor charges." We note that Warner's criminal history record does not classify Warner's convictions as either misdemeanors or felonies. *See* Original Record, Appendix O.

On October 15, 2001, Warner was notified by the PSP Central Repository that the PSP had reviewed her challenge and found it to be invalid.[5] Warner was further notified that the charge of CS13A12, as determined by The Controlled Substance Act, was always considered a felony. Finally, Warner was advised that the documents that she supplied with her challenge did not support her challenge; therefore, the charge must stay listed as a felony.

Warner appealed the PSP's decision averring therein that it was clear from the information and guilty pleas that the grading of her convictions were misdemeanors and not felonies. Hearings before the ALJ ensued. In support of her appeal, Warner testified on her own behalf and presented the testimony of Jacquelyn Paradis, former assistant district attorney for Lehigh County, as well as documentary evidence. In opposition to the appeal, the PSP presented the testimony of Ashley Wheeler, a clerk III for access and review employed by the PSP, as well as documentary evidence.

Based on the evidence presented, the ALJ concluded that the grading that should attach to Warner's convictions is the misdemeanor grading. Accordingly, the ALJ entered an order upholding Warner's appeal stating that it was the judgment of the court that insufficient evidence

1. Pursuant to Section 9151 of the Criminal History Record Information Act (CHRIA), 18 Pa.C.S. § 9151, any individual has the right to review, challenge, correct and appeal the accuracy of his or her criminal history record information.

2. Act of September 27, 1961, P.L. 1700, *as amended,* 63 P.S. §§ 390–1—390–13.

3. Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §§ 780–101–780–144.

4. Pursuant to Section 9152(c) of CHRIA, 18 Pa.C.S. § 9152(c), an individual may challenge the accuracy of his or her criminal history record information by specifying which portion of the record is incorrect and what the correct version should be.

5. Pursuant to Section 9152(e)(1) of CHRIA, 18 Pa.C.S. § 9152(e)(1), if a challenge is ruled invalid, an individual has the right to appeal the decision to the Attorney General within 30 days of notification of the decision by the criminal justice agency. Section 9152(e)(2) further provides that the Attorney General shall have the authority to conduct administrative appeal hearings in accordance with the Administrative Agency Law, 2 Pa.C.S. §§ 501–508, 701–704. 18 Pa.C.S. § 9152(e)(2).

was presented to sustain the ruling of the PSP. The ALJ ordered the PSP to take such remedial action with respect to Warner, including the correction of Warner's official criminal history record maintained by the PSP Central Repository, to reflect the ALJ's order and to notify the applicable agencies of the correction of Warner's record. The ALJ also ordered the PSP to provide Warner with a corrected copy of her criminal history record. This appeal by the PSP followed.[6]

Herein, the PSP argues that the ALJ erred by upholding Warner's criminal history record challenge when there is no dispute that the information maintained by the PSP's Central Repository is accurate and neither Warner nor the ALJ identified any errors of the law governing the maintenance and dissemination of Warner's criminal history record. The PSP points out that Warner's criminal history record shows that she was convicted for violating Section 13(a)(12) of The Controlled Substance Act,[7] and that she was sentenced by the Lehigh County Court of Common Pleas to one year county probation plus fines and costs. The PSP further points out that Warner's criminal history record does not indicate the grading of this offense. The PSP contends that Warner does not assert that she did not commit this offense only that she believed that her offense was an ungraded misdemeanor. However, the PSP states, Section 13(f)(3) of The Controlled Substance Act, 35 P.S. § 780–113(f)(3), provides that Warner's offense of Section 13(a)(12) is a felony and the ALJ did not have the authority to regrade the offense to which Warner plead guilty.

In response, Warner argues that the PSP is charged with maintaining complete and accurate criminal history record information and by not including the grading of the offenses on her criminal history record, the record is not complete. Warner contends that the PSP has the capacity to report the grading of an offense because her record has a key which indicates which letter corresponds with a particular grading. Warner contends that even though she entered a guilty plea to a violation of Section 13(a)(12) of The Controlled Substance Act, which is graded a felony under that act, she entered a guilty plea to a misdemeanor. Warner contends further that the failure of the PSP to report the grading of the offense was not only incomplete reporting but was also in effect inaccurate, since someone reviewing Warner's criminal history record will conclude that she committed a felony if the grading of misdemeanor is not included.

Section 9111 of the CHRIA, 18 Pa.C.S. § 9111, provides as follows:

It shall be the duty of every criminal justice agency within the commonwealth to maintain complete and accurate criminal history record information and to report such information at such times and in such manner as required by the provisions of this chapter or other applicable statutes.

As correctly stated by the parties in this matter, there is no dispute that Warner

---

6. Pursuant to Section 9152(e)(3) of CHRIA, the decision of the Attorney General may be appealed to the Commonwealth Court by an aggrieved individual. 18 Pa.C.S. § 9152(e)(3). This Court's scope of review of a decision by the Attorney General is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

7. 35 P.S. § 780–113(a)(12). Section 13(a)(12) provides that it is prohibited in this Commonwealth to acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge.

pleaded guilty to and was convicted of violating Section 13(a)(12) of The Controlled Substance Act. Accordingly, Warner's criminal history record is not inaccurate in that regard. With respect as to whether Warner's criminal history record is incomplete because her record does not contain a grading of this offense, we conclude that the CHRIA does not mandate that the PSP's Central Repository include a grading of an offense for which an individual is convicted on a person's criminal history record. Section 9102 of the CHRIA, 18 Pa.C.S. § 9102, defines "criminal history record information" as:

> Information collected by criminal justice agencies concerning individuals, and arising from the initiation of a criminal proceeding, consisting of identifiable descriptions, dates and notations of arrests, indictments, informations or other formal criminal charges and any dispositions arising therefrom. The term does not include intelligence information, investigative information or treatment information, including medical and psychological information, or information and records specified in section 9104 (relating to scope).

There is nothing in this definition which requires the PSP Central Repository to include the grading of an offense in a criminal history record information. Moreover, there is nothing in the record to support the ALJ's finding that Warner's conviction for violating Section 13(a)(12) of The Controlled Substance Act was an ungraded misdemeanor.

First, as stated previously herein, a violation of Section 13(a)(12) is a felony. This is a statutory mandate that cannot be changed except by the General Assembly.

Second, while the assistant district attorney testified that she handled the matter at the time that Warner plead guilty to the offense, Ms. Paradis testified that she did not remember Warner's case at all. In addition, Ms. Paradis testified that the assistant district attorneys never downgraded a statutorily graded offense as part of a plea agreement and that typographical errors were made on information sheets. Finally, although Ms. Paradis testified that the sentencing judge treated Warner's violation as a misdemeanor, she testified further that the judge did so because he was the kind of judge who did not question the grading that was on the information and handed down a sentence consistent with what he understood was a misdemeanor.

Therefore, we conclude that the PSP correctly determined that Warner's challenge to the accuracy of her criminal history record was invalid. Accordingly, the ALJ erred by upholding Warner's appeal therefrom and ordering the PSP Central Repository to correct Warner's record to reflect a grading of misdemeanor for her conviction for violating Section 13(a)(12) of The Controlled Substance Act.

The ALJ's order is reversed.

### ORDER

AND NOW, this 2nd day of July, 2003, the order of the Administrative Law Judge, Office of the Attorney General, dated October 10, 2002, is reversed.